UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MAURICIO MARQUEZ, | ) |
| | ) |
|     *Plaintiff,* | ) |
| | ) |
| vs. | )   *Case No. 1:05CV02119* |
| | )   *Judge Rosemary Collier* |
| MICHAEL TAVENNER, | ) |
| | ) |
|     *Defendant.* | ) |

## *A N S W E R*

    COMES NOW, the Defendant, MICHAEL TAVENNER, by and through his undersigned counsel, and files this Answer to the Complaint filed herein and in support thereof states as follows:

    1.    The Complaint fails to state a claim for which relief may be granted.

    2.    The Defendant admits to Paragraphs 1, 2, 6, 7, 8, 9, 20, 32 and 37 of the Complaint.

    3.    For his response to Paragraph 3 of the Complaint, Defendant admits that Plaintiff was the legal owner of fifty-one (51%) of the shares of Ooh-La-La, Inc. (Ooh-La-La) however, Plaintiff was the equitable owner of those shares and had no control over the operation and management of the business.  Defendant denies that he is currently operating Yuca Restaurant and Lounge.  Defendant admits the remaining allegations.

    4.    For his response to Paragraph 4 of the Complaint, Defendant now resides at 3 Phoenix Mill Road, Alexandria, Virginia 22304.

    5.    For his response to Paragraph 5 of the Complaint, Defendant admits that he executed a Purchase and Sale of Assets Stock Agreement and Shareholder's

Agreement on November 23, 2003. Defendant denies that Exhibit 1 and Exhibit 2 are attached to the Complaint.

6.   For his response to Paragraph 10 of the Complaint, Defendant denies that he is still operating as the Yuca Lounge. He admits the remaining allegations.

7.   For his response to Paragraph 11 of the Complaint, Defendant admits that the Plaintiff was initially to receive $4,000.00 a month. The agreement was amended in February 2005 to a payment of $2,000.00 per month and then amended again to zero.

8.   Defendant admits the allegations contained in Paragraph 12 of the Complaint and avers that he paid more than the $24,500.00 alleged. Defendant denies owing Plaintiff $47,500.00.

9.   For his response to Paragraphs 13, 14 and 15 of the Complaint, Defendant avers that the landlord is holding Plaintiff's money because Plaintiff failed to review the Letter of Credit and is in breach of the Shareholders Agreement.

10.  For his response to Paragraphs 16, 17 and 18, Defendant denies the allegations that tax returns were not filed and amounts claimed as being unpaid.

11.  Defendant denies the allegations contained in Paragraphs 21, 22, 25 and 26 of the Complaint.

12.  For his response to Paragraph 23 of the Complaint, Defendant avers that Plaintiff represented that Ooh-La-La had no liabilities. Defendant further avers that the Shareholders Agreement speaks for itself. Defendant denies any allegations in consistent with the terms of the Shareholders Agreement. Defendant admits that the landlord drew funds on the Letter of Credit but landlord refused to return the funds due to Plaintiff because Plaintiff failed to renew the Letter of

Credit.

13.  For his response to Paragraph 28 of the Complaint, Defendant admits a fiduciary duty to act in good faith. All other allegations are denied.

14.  Defendant denies the allegations contained in Paragraphs 29 and 30 of the Complaint.

15.  For his response to Paragraph 33 of the Complaint, Defendant admits those allegations that are consistent with the Shareholders Agreement and other allegations are denied.

16.  For his response to Paragraph 34 of the Complaint, Defendant avers that he has paid all the rent and the landlord refuses to release Plaintiff's funds due to Plaintiff's failure to renew the Letter of Credit.

17.  For his response to Paragraph 35 of the Complaint, Defendant admits that some tax payments were not made but Defendant avers that Plaintiff has no claim for indemnification at this time.

18.  Defendant denies the allegations contained in Paragraphs 38 and 39 of the Complaint.

### *AFFIRMATIVE DEFENSES*

1.  Defendant pleads waiver, estoppel and laches as affirmative defenses.

2.  Defendant denies owing any money to Plaintiff.

3.  Defendant has no claim for indemnification and at this time.

4.  Plaintiff breached the purchase agreement by misrepresenting that Ooh La La had no liabilities.

5.  Plaintiff breached the Shareholders Agreement by his failure to renew

the Letter of Credit.

WHEREFORE, Defendant requests that the Court dismiss the Complaint and grant such other and further relief as is just.

Respectfully submitted,

_____
Benjamin D. Pelton, DCB #955955
Counsel for Defendant
2300 Clarendon Blvd., Suite 700
Arlington, Virginia 22201
(703) 524-0770

## *CERTIFICATE OF SERVICE*

I hereby certify that a true copy of the foregoing Answer was mailed, postage pre-paid, to Richard B. Rosenblatt, Esquire/Linda M. Dorney, Esquire, 30 Courthouse Square, Suite 302, Rockville, Maryland 20850 this \_\_\_\_ day of November, 2005.

_____
Benjamin D. Pelton