IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MAURICIO MARQUEZ | * | |
|     Plaintiff | * | |
| v. | * | Case No.: 1:05CV02119 |
| MICHAEL TAVENNER | * | |
|     Defendant | * | |

\*   \*   \*   \*   \*   \*   \*

**PARTIES JOINT RULE 16.3 STATEMENT**

Mauricio Marquez and Michael Tavenner, by and through undersigned counsel and in accordance with this Court's Scheduling Order hereby submit this Joint Rule 16.3 Statement and in support thereof state as follows:

1. Case Tracking Category and Likelihood of Disposition by Motion

The parties agree to place this case on Track 2 for standard litigation. The parties disagree as to whether this case will be resolved by dispositive motions.

2. Deadline to Join Other Parties

The parties agree that the deadline for joining additional parties and filing amended pleadings is May 31, 2006.

3. Assignment to a Magistrate

The parties do not wish that this case be referred to a Magistrate at this time.

4. Settlement

The parties agree that settlement of the case is not possible at this early stage of the litigation. As the case progresses, the parties may raise the issue of settlement again.

5. <u>Alternative Dispute Resolution</u>

The parties do not believe that referral for ADR at this time would be effective at this time.  The parties will attend mediation at the completion of discovery.

6. <u>Summary Judgment Motions or Motions to Dismiss</u>

The parties propose the following schedule should either party decide to file a Motion for Summary Judgment:

Motions filed by: September 29, 2006

Oppositions filed by: October 16, 2006

Replies filed by: October 26, 2006

Court ruling by: To be set by the Court.

7. <u>Initial Disclosures</u>

Initial Disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) will be made by April 24, 2006.  The parties agree that the initial disclosures will conform to Federal Rule of Civil Procedure 26(a)(1).

8. <u>Discovery</u>

The parties agree to comply with the schedule imposed by Track 2 of the Court's Order for Initial Scheduling Conference.  A proposed scheduling order is attached to this report.

9. <u>Expert Reports</u>

The parties intend to follow Federal Rule of Civil Procedure 26(a) disclosure requirement for experts and propose the following dates for their expert designations under Federal Rule of Civil Procedure 26(a):

Designation by Plaintiff: July 5, 2006

Designation by Defendant: August 6, 2006

10. Class Action

    Not applicable

11. Bifurcation of Trial or Discovery

    Not applicable

12. Pretrial Conference

    The parties defer to the Court to schedule a date for the Pretrial Conference.

13. Trial Date

    The parties defer to the Court to schedule a date for trial at the Pretrial Conference.

14. Other Matters

    A proposed Scheduling Order is attached for the Court which is incorporated by reference into the Parties' Joint Rule 16.3 Statement.

Respectfully submitted,


\s\ Richard B. Rosenblatt
Richard B. Rosenblatt, #415797
**The Law Offices of Richard B. Rosenblatt, PC**
30 Courthouse Square, Suite 302
Rockville, Maryland 20850
(301) 838-0098

*Counsel for Mauricio Marquez*

\s\ Benjamin Pelton
Benjamin Pelton
Pelton, Ballard, Demsky, Baskin, & O'Male
2300 Claredon Boulevard, Suite 700
Arlington, Virginia 22201
(703) 276-6800

## Statement of the Case

a.   <u>Plaintiff's Statement</u>

Plaintiff entered into Purchase and Sale of Stock Agreement (the "Stock Purchase Agreement") with Defendant, Michael Tavenner. At the same time, the parties executed a Shareholder's Agreement (the "Shareholder's Agreement"). Pursuant to the Stock Purchase Agreement, Tavenner purchased two hundred ninety-four (294) shares of Ooh-La-La from Plaintiff. Tavenner tendered sixty thousand dollars ($60,000.00) for the purchase of these share. Additionally, Tavenner agreed to be responsible for any future liabilities and obligations of Ooh-La-La. Further, Tavenner was given the power and authority to oversee the operations of the business as he saw fit. Marquez became a silent owner.

Pursuant to the terms of the Shareholder's Agreement, Marquez was to receive monthly payments of four thousand dollars ($4,000.00) commencing thirty (30) days after the restaurant re-opened. Since, the restaurant re-opened in March, 2004, Tavenner was required to begin making monthly payments to Marquez in April, 2004. Tavenner failed to make many of these monthly payments. As a result, Tavenner owes Marquez at least forty-seven thousand five hundred dollars ($47,500.00) for breach of the Shareholder's Agreement.

Additionally, Ooh-La-La failed to pay rent several times after Tavenner took operational control of the business. As a result, the landlord withdrew funds from Marquez's letter of credit. The total amount of the draws on Marquez's letter of credit were seventy-five thousand nine hundred fifteen dollars and seventeen cents ($75,915.17). Additionally, Riggs Bank imposed three hundred seventy-five dollars ($375.00) in bank fees due to the draws on Marquez's line of credit.

Tavenner acknowledged that it was his responsibility to pay Ooh-La-La's rent after November 23, 2003. Tavenner caused Ooh-La-La to make payments totaling twenty-four thousand five hundred seventy-four dollars and sixty-seven cents ($24,574.67) to Marquez as reimbursement for the draws on the line of credit. However, neither Tavenner or Ooh-La-La has reimbursed Marquez for the remaining sums drawn from the Letter of Credit or the associated bank fees. Therefore, the total amount owed to Marquez is at least fifty-one thousand seven hundred fifteen dollars ($51,715.00).

Further, Tavenner failed to have Ooh-La-La pay all taxes owed to the United States, the District of Columbia, and the State of Maryland. Specifically, Ooh-La-La failed to pay withholding taxes to these taxing authorities. The estimated amount owed to the taxing authorities is one hundred one thousand nine hundred twelve dollars ($101,912.00). Based upon the Shareholder's Agreement, this is an obligation of Tavenner. Tavenner is liable to Marquez for breaches of Shareholder Agreement.

b.    Defendant's Statement

Pursuant to the terms of the Shareholder's agreement, Marquez was required to ensure that his Letter of Credit remained in full force and effect. Marquez failed to keep the Letter of Credit in effect causing a default under the lease. Landlord instituted land/lord tenant action and Tavenner was forced ti sell the business. Tavenner does not owe Marquez $51,715.00. The Landlord holds that money as a security deposit due to Marquez's failure to maintain that Letter of Credit. Tavenner contends that the Shareholder's Agreement was verbally modified due to business conditions and he does not owe Marquez $75,915.17. Tavenner does acknowledge that he is responsible for the taxes but only after November, 2003.

However, the taxes claimed by Marquez include taxes prior to November 2003.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MAURICIO MARQUEZ | * | |
| Plaintiff | * | |
| v. | * | Case No.: 1:05CV02119 |
| MICHAEL TAVENNER | * | |
| Defendant | * | |

\* \* \* \* \* \* \*

## PROPOSED SCHEDULING ORDER

Having considered the Joint Rule 16.3 Statement and all related papers, it is hereby

**ORDERED** that the case proceed according to the schedule below.

| | |
|---|---|
| Initial Disclosures | April 24, 2006 |
| Joinder of Parties/Amendment of Pleadings | May 31, 2006 |
| Exchange Witness Lists | May 8, 2006 |
| Deadline for Post-R.26(a) Discovery Requests | June 24, 2006 |
| Plaintiff's R.26(a)(2) Statements | July 5, 2006 |
| Defendant's R.26(a)(2) Statements | August 6, 2006 |
| Deadline for fact discovery | September 6, 2006 |
| Deadline for expert discovery | September 20, 2006 |
| Deadline for filing motions | September 29, 2006 |
| Status Conference | To be set by Court |