UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **MAURICIO MARQUEZ,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-2119 (RMC) |
| | ) | |
| **MICHAEL TAVENNER,** | ) | |
| | ) | |
| Defendant. | ) | |

## SCHEDULING ORDER

Upon consideration of the joint report of the parties submitted pursuant to LCvR 16.3(d), and after a scheduling conference held in open Court on March 24, 2006, it is hereby **ORDERED** that:

1. Motions to join third parties or to amend the pleadings shall be filed no later than May 31, 2006.

2. Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be made no later than April 24, 2006.

3. Plaintiff's designation of experts and reports pursuant to Fed. R. Civ. P. 26(a)(2) shall be made no later than July 5, 2006. Defendant's designation of experts and reports shall be made no later than August 2, 2006.

4. Each party is limited to a maximum of five (5) depositions.

5. Each party is limited to a maximum of twenty-five (25) interrogatories, including discrete subparts. Responses to all interrogatories shall be made thirty (30) days after service.

6. Each party is limited to a maximum of twenty-five (25) requests for admissions, including

        discrete subparts.  Responses to all requests for admissions shall be made thirty (30) days after service.

7. Dispositive motions shall be filed no later than September 29, 2006; oppositions shall be filed by October 16, 2006; and replies shall be filed no later than October 26, 2006.  A motion for extension of time to file a motion, opposition, or reply will be denied except upon a showing of good cause.  The page limitations for briefs referenced in LCvR 7(e) are to be strictly followed by the parties.

8. Discovery material shall not be filed with the Court unless so ordered.  *See* LCvR 5.2(a).

9. Counsel are expected to conduct themselves in a civil, polite, and professional manner at all times, particularly during discovery.  Counsel are referred to LCvR 26.2 and expected to conform fully with its directives.  Moreover, counsel are required, under both Fed. R. Civ. P. 26(f) and LCvR 7.1(m), to confer in good faith in an effort to resolve any discovery dispute before bringing it to the Court's attention.  In the event that counsel are unable to resolve a dispute, counsel shall contact chambers to arrange for a telephone conference with the Court.  Counsel shall not file discovery motions without a prior telephone conference with the Court and opposing counsel.

10. Counsel are expected to evaluate their respective cases for settlement purposes. Submission to alternative dispute resolution, *e.g.*, mediation or neutral evaluation, is encouraged and available by request of the Court at any time, as is a settlement conference before a Magistrate Judge.  If the case settles, in whole or in part, Plaintiff's counsel shall advise this Court by promptly filing a stipulation.

11. This schedule shall not be modified, even where all parties consent, except upon a showing of good cause and by leave of the Court. *See* Fed. R. Civ. P. 16(b); LCvR 16.4(b).

**SO ORDERED.**

Date: March 24, 2006                                /s/
                                              ROSEMARY M. COLLYER
                                              United States District Judge